NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

BENJAMIN LEGRAND,

Petitioner,

v.

V.I. BUREAU OF INTERNAL REVENUE,

Respondent.

Civ. No. 2012-00053

**OPINION**

THOMPSON, U.S.D.J.[1]

This matter appears before the Court upon the Motion of Respondent Virgin Islands Bureau of Internal Revenue ("VIBIR") to Dismiss *pro se* Petitioner Benjamin LeGrand's Petition. (Doc. No. 4). It appears that Petitioner opposed the Motion by seeking to amend his Petition, but Magistrate Judge Cannon denied that request. (Doc. Nos. 8, 9, 16). For the reasons stated herein, Respondent's Motion will be denied without prejudice, and Petitioner will be granted 30 additional days to properly serve Respondent.

### BACKGROUND

On May 18, 2012 Petitioner, a citizen of St. Croix, filed a two-page petition—styled as a Complaint—alleging that he had received a certified letter from VIBIR on April 18, 2012. According to Petitioner, the letter stated that Petitioner must return payments of $972.00, $1,356.00, and $1,859.00 received as tax refunds for the years 2008, 2009, and 2010,

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

respectively.[2] Petitioner appears to claim that there is no error with respect to the tax documents he previously filed and that he is thus entitled to retain the above amounts. On May 21, 2012 Petitioner filed notice that a summons was executed on Carmen Ramos, an unspecified VIBIR employee. (Doc. No. 2). On October 28, 2013 Respondent filed the present Motion seeking to dismiss the Petition for deficient service of process.

## DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed if a petitioner fails to effectuate proper service of process. Plaintiff, or petitioner, bears the burden of establishing proper service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Federal Rule of Civil Procedure 4(j) specifies the requirements for service of process on a local government, which includes any "state-created governmental organization that is subject to suit." Fed. R. Civ. P. 4(j)(2). For such entities, service is properly effected by "delivering a copy of the summons and of the complaint to its chief executive officer."[3] *Id.* Where an agency of the Government of the Virgin Islands is named as a defendant, the Governor—as chief executive officer—must be served. *See Christopher v. Dir. of V.I. Bureau of Internal Revenue*, No. 10-0058, 2014 WL 3733774, at *2 (D.V.I. July 29, 2014) (Lewis, C.J.). Moreover, Virgin Islands Local Rule of Civil Procedure 71A.1 states that for proceedings involving a redetermination of income tax liability pursuant to a notice of deficiency, which is

---

[2] According to Plaintiff, he never received the 2010 tax refund of $1,859.
[3] Technically Rule 4(j)(2) allows service by one of two options: delivering process to the chief executive officer (as stated above) or "serving a copy of [process] in the manner prescribed by that state's law . . . ." Fed. R. Civ. P. 4(j)(2). However, "[t]here is no alternate 'manner prescribed by [local] law' that may be used to serve the Virgin Islands Government. *Fulton v. V.I. Bureau of Internal Revenue*, No. 11-132, 2014 WL 1345421, at *1 (D.V.I. Apr. 4, 2014). Thus, the chief executive officer must be properly served.

2

the case here, the VIBIR Director must be named as a respondent. L. R. Ci. 71A.1(a). Thus, both the Governor and the VIBIR Director must be properly served. *See Christopher*, 2014 WL 3733774, at *2.

In addition, service must be timely. Federal Rule of Civil Procedure 4(m) directs courts to dismiss an action "[i]f a defendant is not served within 120 days after the complaint is filed," unless "plaintiff shows good cause for the failure," in which case "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Courts consider three factors in assessing good cause: "(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In the absence of good cause, "the district court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). However, in exercising this discretion the court must assess whether "any other factors warrant extending time," including whether the statute of limitations would bar the plaintiff's claims if the action were dismissed, whether defendants acted evasively to avoid service, and whether plaintiff is represented by counsel. *Veal v. U.S.*, 84 Fed. App'x 253, 256 (3d Cir. 2004); *see Mathies v. Silver*, 450 Fed. App'x 219, 222 (3d Cir. 2011); *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009).

B. Analysis

Here, Petitioner filed his Petition on May 18, 2012. More than 120 days have elapsed and to date, neither the Virgin Islands Governor nor the VIBIR Director have been served. Petitioner has thus failed to timely and properly serve Respondent pursuant to Rules 4(m), 4(j), and Local Rule of Civil Procedure 71A.1. Therefore, the Court will proceed to determine

whether Petitioner has shown good cause or other factors warranting an extension of time to effect service.

It does not appear from the record that Petitioner has made any efforts to timely serve the Virgin Islands Governor and the VIBIR Director, nor has Petitioner moved for an enlargement of time to effectuate service. This delay is significant, as almost three years have passed since the Complaint was filed. However, Respondent has not identified any prejudice suffered as a result of untimely service. But "[l]ack of prejudice to a respondent is not enough, by itself, to establish the basis for a finding of good cause to extend the time for service of process." *Christopher*, 2014 WL 3733774, at *3. In light of the above, the Court does not find good cause here.

However, even if good cause is not shown, the court in its discretion may still grant a petitioner an opportunity to cure deficiencies in service. *See Petrucelli*, 46 F.3d at 1305. A court may not dismiss an action before assessing whether "any other factors warrant extending time even though good cause was not shown." *Veal*, 84 Fed. App'x at 256 (vacating the district court's dismissal of a *pro se* complaint where, although good cause had not been shown, the fact that the statute of limitations had run and the fact that "the service required was of a kind often found to be confusing" weighed in favor of extending time for service); *see also Cain v. Abraxas*, 209 Fed. App'x 94 (3d Cir. 2006) (similarly vacating a district court's order that dismissed a *pro se* complaint for inadequate service). Here, Petitioner is *pro se*, and dismissal of his petition at this point would preclude him from re-filing because the statute of limitations has run. *See* V.I. Code Ann., tit. 33, § 943(a). In addition, the type of service required here can be confusing, since a local governmental agency is being sued rather than an individual person.[4]

---

[4] For example, Rule 4(j) requires the chief executive officer to be served in suits against a local government entity, but it is not readily apparent that the Governor is the chief executive officer.

4

These factors favor the grant of a brief extension for Petitioner to properly effectuate service. *See Christopher*, 2014 WL 3733774, at *4-5 (granting extension for service despite absence of good cause because the statute of limitations had run); *O'Neil v. Dir. of the V.I. Bureau of Internal Revenue*, No. 2012-48, 2014 WL 128257, at *3-4 (D.V.I. Jan. 14, 2014) (granting extension after assessing all relevant factors); *Fulton v. V.I. Bureau of Internal Revenue*, No. 2011-132, 2014 WL 1345421, at *2 (D.V.I. Apr. 4, 2014) (granting further extension because requirements for proper service may have been unclear). Therefore, the Court will deny without prejudice Respondent's Motion and exercise its discretion to afford Petitioner additional time to properly serve Respondent.

## CONCLUSION

For the reasons above, the Court will deny without prejudice Respondent's Motion. Petitioner will be granted 30 additional days to properly serve Respondent. If Petitioner still fails to properly serve Respondent within that time, the Petition may be dismissed.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.